UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANG GOO YOON,<br><br>Defendant | Criminal No. 21-cr-10160-IT(s)<br><br>Violations:<br><br>Counts One – Two: Health Care Fraud<br>(18 U.S.C. §§ 1347, 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(7)) |

## SUPERSEDING INDICTMENT

At all times relevant to this Superseding Indictment:

### General Allegations

1.      Defendant, CHANG GOO YOON ("YOON"), was a resident of Waltham,

Massachusetts and was the owner of several physical therapy clinics, including 221 Physical

d.b.a. Doctors Physio Group Inc.; Boston Pain & Rehab Center, Inc.; Boston Top Center, Inc.;

Doctors Medical Physio Group Inc.; Doctor Physical Therapy, Inc.; Doctors Physical Therapy

Centers Inc.; Doctors Physio Allston, Inc.; Good Physio Clinic, Inc. d.b.a. Doctors Physio;

GoodPT, Inc. d.b.a. D Physio Group, Inc.; GoodPT, Inc. d.b.a. Doctors Physio, Inc.; Hana Rehab

Clinic, Inc.; Hana Pain & Rehab Clinic, PC; Lee Chiropractic, Inc.; and Plus Chiropractic, PC

(collectively "YOON's Clinics") located at various addresses in Allston, Brookline, and

Waltham, Massachusetts.

1

2.      Insurance companies Aetna and Blue Cross Blue Shield (collectively, the "Insurance Companies"), were health care benefit programs within the meaning of 18 U.S.C. § 24, in that each Insurance Company was a private plan or contract, affecting commerce, under which medical benefits and services were provided to individuals.

3.      YOON's Clinics purported to provide physical therapy to patients, and these services were typically paid for by private insurance companies, including the Insurance Companies.

4.      MAPFRE was an insurance company that provided automobile insurance to YOON, including Personal Injury Protection ("PIP") coverage.  MAPFRE constituted a health care benefit program within the meaning of 18 U.S.C. § 24, in that it was a private plan or contract, affecting commerce, under which medical benefits and services were provided to individuals.

<u>Scheme to Defraud the Insurance Companies</u>

5.      Beginning no later than in or about November 2014 and continuing through at least in or about November 2018, YOON devised a scheme and artifice to defraud the Insurance Companies by obtaining money and property owned by or under the custody of the Insurance Companies through false and fraudulent pretenses, representations, and promises, in connection with the delivery of, and payment for, health care benefits and services.

6.      In particular, YOON defrauded the Insurance Companies by submitting bills and receiving payments for false and fraudulent physical therapy claims, including claims for physical therapy sessions that did not occur.  For example:

    a.   YOON submitted approximately $159,000 in claims for physical therapy services that listed YOON as the servicing provider at YOON's Clinics, but on the claimed dates of service, YOON was actually traveling in South Korea, Los Angeles, and Toronto.

    b.   YOON submitted approximately $64,000 in claims for patients who purportedly received physical therapy services at YOON's Clinics when, in fact, those patients were traveling abroad on the dates of service listed on the claims submitted by YOON; and

    c.   YOON submitted approximately $52,000 in claims for physical therapy services that listed YOON as the servicing provider at YOON's Clinics, but on the claimed dates of service, YOON was gambling at various casinos, including the Golden Nugget, MGM Springfield, Tiverton Casino, and Twin River Casino.

<u>Scheme to Defraud MAPFRE</u>

7.    From in or about August 2016 through in or about August 2017, YOON devised a scheme and artifice to defraud MAPFRE by submitting false and fraudulent PIP claims for physical therapy sessions that never occurred in order to obtain money and property to which he was not entitled.

8.    In particular, Yoon submitted approximately $30,000 in personal injury protection ("PIP") claims to MAPFRE after he was involved in three separate car accidents. For each car accident, YOON submitted physical therapy claims that purported to be related to the car accident. The majority of YOON's PIP physical therapy claims listed YOON's former

employee, Employee 1, as the servicing provider.  YOON entered Employee 1's name and

National Provider Identifier "NPI" number[1] on claim forms submitted to MAPFRE and

submitted notes and reports purportedly signed by Employee 1.   But Employee 1 never

provided YOON any physical therapy treatment and never gave him authority to use her name or

NPI number for his PIP claims.  Moreover, on certain dates of service, YOON was traveling

overseas and could not have received physical therapy services from Employee 1.  For the

remainder of YOON's PIP physical therapy claims, YOON listed himself as both the patient and

the servicing provider.

---

[1] An NPI number is a unique ten-digit identification number issued by the Centers for
Medicare & Medicaid Services to health care providers in the United States.

<u>COUNT ONE</u>
Health Care Fraud; Aiding and Abetting
(18 U.S.C. §§ 1347, 2)

The Grand Jury charges:

9.      The Grand Jury re-alleges and incorporates by reference paragraphs 1-3 and 5-6

of this Indictment.

10.     From in or about November 2014 through in or about November 2018, in the

District of Massachusetts, the defendant,

CHANG GOO YOON,

knowingly and willfully executed a scheme and artifice to defraud health care benefit programs,

as defined in Title 18, United States Code, Section 24(b), that is, Aetna and Blue Cross Blue Shield

to obtain, by means of materially false and fraudulent pretenses, representations, and promises,

money and property owned by and  under the custody and control of such health care benefit

programs, in connection with the delivery of and payment for the health care benefits, items, and

services.

All in violation of Title 18, United State Code, Sections 1347 and 2.

<u>COUNT TWO</u>
Health Care Fraud; Aiding and Abetting
(18 U.S.C. §§ 1347, 2)

The Grand Jury further charges:

11.     The Grand Jury re-alleges and incorporates by reference paragraphs 1, 4 and 7-8 of this Indictment.

12.     From in or about August 2016 through in or about August 2017, in the District of Massachusetts, the defendant,

CHANG GOO YOON,

knowingly and willfully executed a scheme and artifice to defraud a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that is, MAPFRE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of such health care benefit program, in connection with the delivery of and payment for the health care benefits, items, and services.

All in violation of Title 18, United State Code, Sections 1347 and 2.

6

FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(7))

13.     Upon conviction of the offenses in violation of Title 18, United States Code,

Section 1347, set forth in Counts One and Two, the defendant,

CHANG GOO YOON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7),

any property, real or personal, that constitutes or is derived, directly or indirectly, from gross

proceeds traceable to the commission of the offenses.

14.     If any of the property described in Paragraph 11, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(7), as a result of any act or omission of

the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without
       difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL

_Karus Pentedemos_
FOREPERSON

_____
ELYSA Q. WAN
PATRICK CALLAHAN
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS


District of Massachusetts: DECEMBER 7 , 2023
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn  12/07/2023 @ 1:21pm
_____
DEPUTY CLERK

8