UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 21-cr-10160-IT |
| ) | |
| CHANG GOO YOON, ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENTS ABOUT DR. YOON'S GOOD CHARACTER AND LEGITIMATE SERVICES**

Now comes Chang Goo Yoon, the defendant in the above captioned matter, and respectfully moves this Honorable Court, *in limine*, to (at least in part) deny the Government's motion to preclude him from offering evidence or making arguments about his good character, legitimate billing, and provision of quality services. The defendant does not intend to admit evidence or raise arguments regarding general good character, or to suggest that he should not be legally responsible simply because he provided quality patient care or submitted some number of legitimate medical bills; he agrees that this evidence would be irrelevant, and would properly be excluded. He does, however, seek to admit evidence and make arguments regarding his legitimate billing and legitimate provision of physical therapy services to patients, because this evidence is highly probative of his intent, a critical element of the charges against him.

The government contends that Dr. Yoon committed health care fraud in violation of 18 U.S.C. § 1347 by, essentially, billing insurers for physical therapy services on dates that he did not (and could not) do so, because he or the patients were traveling on the given dates, or because the patients otherwise asserted the appointments did not take place. In order to prove him guilty of this offense, the government must not only prove that Dr. Yoon billed insurance for services not

1

rendered, but also that he did so knowingly, willfully, and with the specific intent to defraud.

Evidence of the actual provision of physical therapy services to the patients who were the subjects of the alleged fraudulent claims, as well as evidence of Dr. Yoon's patient volume, patient services generally during the relevant time period, and general billing practices (including voluminous legitimate bills), all provide context for the jury to assess Dr. Yoon's intent. The cases cited by the government do not support the exclusion of this type of evidence. In United States v. Marrero, 904 F.2d 251, 260 (5th Cir. 1990), the court noted that substantial good character evidence had been admitted at trial, and endorsed the exclusion of evidence of specific instances in which the defendant had provided free or reduced-cost services to patients offered for general evidence of good character. This is not the type of evidence Dr. Yoon seeks to introduce, nor the type of argument he intends to make. Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955) involved a defendant in a tax evasion case who was properly excluded from admitting evidence that he had properly reported certain income. That case is clearly distinguishable on its face. Dr. Yoon does not intend to argue that he could not have submitted fraudulent bills merely because he submitted legitimate bills at other times.

This is not a case where the government alleges, for example, that Dr. Yoon never provided any physical therapy services, or never treated the patients for whom bills were submitted. In order for the jury to fairly assess Dr. Yoon's intent, he should be permitted to present evidence and make arguments regarding his status as a healthcare provider regularly treating and billing for care to a large volume of repeat patients. To exclude such evidence would present an unfair and misleading picture to the jury.

Of note, in the recent case of United States v. Kinrys, 20-cr-10307 referenced by the government in support of its position, Judge Casper excluded evidence of the defendant's "general good character and good services," which the defendant in that case (as here) did not intend to raise; but, she explicitly and properly permitted other evidence and arguments similar to those that Dr. Yoon seeks to raise. The

2

court recognized "[defendant]'s argument that evidence of his and his office's billing practices (i.e. his role, his understanding of the billing requirements, the role of others, manner and nature of billings, etc…) bears upon his state of mind (e.g. whether he 'knowingly and willfully participated in the scheme with the intent to defraud'…)," and ruled that the parties could use evidence showing that the defendant was "sloppy or negligent" about his billing practices, and concluded that "[a]rguments that [defendant] did not have the requisite state of mind are permissible even if they ultimately are not persuasive." (Doc. 167).

Dr. Yoon is entitled to a fair trial, including the ability to fully and fairly rebut the government's evidence, and to hold the government to its burden to prove that he knowingly and willfully perpetuated a fraud. Evidence and argument regarding his billing practices and patient services during the relevant time-period are highly probative of these issues, and he must be permitted to raise them as part of his defense.

Chang Goo Yoon,<br>
By his attorney,

Date: December 26, 2023

<i>/s/Henry Fasoldt</i><br>
C. Henry Fasoldt (BBO# 667422)<br>
185 Devonshire Street, Suite 302<br>
Boston, MA 02110<br>
henry@bostondefenselaw.com<br>
(617) 338-0009

Certificate of Service

I, Henry Fasoldt, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 26, 2023.

<i>/s/ Henry Fasoldt</i><br>
Henry Fasoldt