# FINAL JURY INSTRUCTIONS

## *United States v. Chang Goo Yoon*, 21-cr-10160

**OVERVIEW** ..................................................................................................1

**PART 1 - RULES AND DUTIES AS JURORS** ...................................2

1. DUTY OF JURY TO FIND FACTS AND FOLLOW LAW ..........................2

2. PRESUMPTION OF INNOCENCE;  PROOF BEYOND A REASONABLE DOUBT...............................................................................................................3

3. THE GOVERNMENT AS A PARTY ...............................................................5

4. STATEMENTS AND CONDUCT OF COUNSEL ........................................6

5. WHAT IS EVIDENCE.........................................................................................7

6. KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL...................8

7. CREDIBILITY OF WITNESSES.......................................................................9

8. INCONSISTENCIES IN WITNESS TESTIMONY ....................................10

9. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY..........11

10. INTERVIEWS OF WITNESSES ....................................................................12

11. PUNISHMENT ...................................................................................................13

12. LAW ENFORCEMENT EMPLOYEES AS WITNESSES .........................14

**PART 2 -  INSTRUCTIONS CONCERNING THE ELEMENTS OF THE OFFENSES**..................................................................................................**15**

13. ELEMENTS OF THE CRIMES – INTRODUCTION ..................................15

14. COUNTS ONE-TWO: HEALTHCARE FRAUD ........................................16

**PART 3 - RULES FOR YOUR DELIBERATION** ............................**19**

15. FOREPERSON'S ROLE; UNANIMITY .......................................................19

16. REACHING AGREEMENT.............................................................................20

17. RETURN OF THE VERDICT FORM ...........................................................21

18. COMMUNICATION WITH THE COURT ...................................................22

i

## OVERVIEW

These instructions shall guide your deliberations. You are to follow these instructions and not any instructions given to you by counsel.

These instructions will be in three parts:

Part 1 contains the rules that define and control your duties as jurors, and that explain a little more about what is and is not evidence that you may consider in deciding this case;

Part 2 contains instructions concerning the elements of the offenses charged in the indictment in this case—in other words, what the government must prove beyond a reasonable doubt to obtain a conviction; and

Part 3 contains rules for your deliberations in the jury room and the return of your verdict.

When you retire to the jury room to deliberate, you will each have your own copy of these instructions, and there will also be an electronic version that you can review together.

1

## PART 1 - RULES AND DUTIES AS JURORS

## 1.  DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathies. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

## 2.  PRESUMPTION OF INNOCENCE;
## PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Chang Goo Yoon, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

The government's burden is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt. The law does require, however, that evidence exclude reasonable doubt concerning a defendant's guilt. This burden never shifts to the defendant. The defendant is never required to prove that he is innocent or present any evidence at all. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable

doubt by the evidence and the reasonable inferences to be drawn from that evidence. Dr. Yoon has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, you cannot say that you have a settled conviction that the charge is true. Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions--one that a defendant is guilty as charged, the other that the defendant is not guilty--you must find the defendant not guilty.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Dr. Yoon's guilt of a particular crime, it is your duty to find him not guilty of that crime.

On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Dr. Yoon's guilt of a particular crime, you should find him guilty of that crime.

### 3.  THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Dr. Yoon, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

### 4.  STATEMENTS AND CONDUCT OF COUNSEL

Opening statements, closing arguments, questions, and comments by the parties' lawyers are not evidence. In their opening statements, counsel tried to help you understand what the evidence would be. The opening statements themselves are not evidence in this case. In their closing arguments, the lawyers for each side attempted to summarize and help you understand the evidence that was presented. Again, those closing arguments are not evidence.

Objections by counsel are also not evidence. It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings on law and to request conferences at the side bar out of the hearing of the jury. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole arbiters of the credibility of all witnesses and the weight and effect of all evidence.

Finally, testimony that I struck from the record, or told you to disregard, is also not evidence and must not be considered.

## 5.  WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, and the exhibits that have been received into evidence.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

## 6.  KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.

Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw an inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 7.   CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the event.

## 8.  INCONSISTENCIES IN WITNESS TESTIMONY

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony merely because it is uncontradicted. You may decide, because of a witness's bearing and demeanor or because of inherent improbability or for whatever reason, that a witness's testimony is not worthy of belief. You may accept all of a witness's testimony or reject all of it, or you may accept part and reject another part.

### 9.   DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Dr. Yoon has a constitutional right not to testify. That is his absolute right, and in no respect may his election not to testify be considered by you as evidence against him or as a basis for any negative presumption or inference. For any of you to draw such an inference would be wrong. Indeed, it would be a violation of your oath as a juror.

You must not discuss the fact that Dr. Yoon did not testify. You must not permit that fact to weigh against Dr. Yoon, nor should it enter in any way whatsoever in your deliberations or discussions, nor should you speculate in any way as to the reason why Dr. Yoon chose not to testify. You simply must not consider it at all.

## 10. INTERVIEWS OF WITNESSES

There was testimony at trial that the attorneys interviewed witnesses when preparing for the trial. There is nothing improper about conducting such interviews. As part of preparation, lawyers may interview witnesses.

## 11. PUNISHMENT

The punishment provided by law for these crimes is for the court to decide.
You may not consider punishment in deciding whether the government has proven
its case against Dr. Yoon beyond a reasonable doubt.

## 12. LAW ENFORCEMENT EMPLOYEES AS WITNESSES

You have heard from witnesses who are employed by federal law enforcement agencies. The fact that a witness is employed by a law enforcement agency does not entitle that witness's testimony to more weight or credibility than that of any other witness's testimony. In addition, in assessing the credibility of a witness who is employed by a law enforcement agency, you may consider whether the witness has a personal or professional interest in the outcome of the case.

## PART 2 -  INSTRUCTIONS CONCERNING THE ELEMENTS OF THE OFFENSES

## 13. ELEMENTS OF THE CRIMES – INTRODUCTION

Dr. Yoon has been charged by the government with violations of federal law. The charges against Dr. Yoon are contained in an Indictment. You will be provided a copy of the Indictment, but you must remember that the Indictment is simply the description of the charges against Dr. Yoon. It may not be considered evidence of anything.

The Indictment charges two separate counts. Each count will be set forth separately on the verdict form you will be asked to return. You must consider each count separately, and you must return a separate verdict as to each count. Your verdict as to each count must be unanimous and must be determined solely on the evidence, or lack of evidence, presented against Dr. Yoon on that count.

15

## 14. COUNTS ONE-TWO: HEALTHCARE FRAUD

The defendant is charged in Counts One and Two of the indictment with health care fraud in violation of Section 1347 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly and willfully participated in a scheme or plan to defraud a health care benefit program by means of material false or fraudulent pretenses, representations, or promises;

Second, the defendant acted with the intent to defraud;

Third, the entities listed in the indictment—Aetna, Blue Cross Blue Shield, and MAPFRE—were health care benefit programs; and

Fourth, the scheme or plan was executed in connection with the payment for health care benefits or services.

A "scheme" includes any plan, pattern, or course of action.

A "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A "material" fact or matter is one that has a natural tendency to influence or

16

be capable of influencing the decision of the decisionmaker to whom it was addressed.

"False or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth, and that were made with the intent to defraud.

The term "defraud" means to deceive in order to obtain money or other property by misrepresenting or concealing a material fact.

The first and second elements of health care fraud require the government to prove beyond a reasonable doubt that the defendant knowingly and willfully participated in this scheme with the intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act out of ignorance, mistake, or accident.

The defendant acted "willfully" if he acted voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law. If the government shows only mistake or carelessness, that showing alone does not establish willfulness.

17

Intent or knowledge cannot usually be proved by direct evidence because there is no meaningful way to directly scrutinize the workings of the human mind. In determining what Dr. Yoon knew or intended at a particular time, you may consider any statements he made, or acts that he did or failed to do in the context of all other facts and circumstances in evidence. In deciding whether Dr. Yoon acted "knowingly," you may also infer that he had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise should have been obvious to him.

A defendant does not act in good faith—even though he or she honestly holds a certain opinion or belief—if he also acted with the purpose of deceiving others. While the term good faith has no precise definition, it means among other things a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. The defendant is under no obligation to prove good faith.

## PART 3 - RULES FOR YOUR DELIBERATION

## 15. FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire to the jury room, you should first choose a foreperson. You shall permit your foreperson to preside over your deliberations. The foreperson will have the same voice and the same vote as the other deliberating jurors. Your foreperson will speak for you here in court. You will discuss the case with the other jurors to reach agreement if you can do so. Any verdict you return must be unanimous.

## 16. REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all of the evidence, discussing it fully with your fellow jurors, and listening to the views of the other jurors. Do not be afraid to change your opinion if you think you are wrong, but do not come to a decision simply because other jurors think it is right. It is important that you reach a verdict if you can do so conscientiously. There is no reason for you to think that another jury would be better qualified than you to decide this case. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if a greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that doing so is appropriate. It is important that you attempt to return a verdict, but only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conclusion as to the weight and effect of the evidence simply to reach a verdict.

## 17. RETURN OF THE VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[Read form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## 18. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer outside your door. The note must be signed by your foreperson or by one or more members of the jury. No member of the jury should attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with the member of the jury on matters concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, and I will do so as promptly as possible. You may continue with your deliberations while waiting for the answer to any question. Remember that throughout this process you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.