UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANG GOO YOON,<br><br>    Defendant | CRIMINAL No. 21-cr-10160-IT |

      The United States opposes the defendant's motion for acquittal pursuant to Rule 29(c). The court should not disturb the jury's well-reasoned verdict, which was supported by ample testimonial and documentary evidence of the defendant's intent.

    I.    LEGAL STANDARD

      To succeed on a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, the defendant must "show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt." *United States v. Acevedo*, 882 F.3d 251, 257 (1st Cir. 2018). The court must consider "the evidence, both direct and circumstantial, in the light most favorable to the prosecution." *United States v. Manso-Cepeda*, 25 F. Supp. 3d 196, 199–200 (D.P.R. 2014), aff'd, 810 F.3d 846 (1st Cir. 2016) (internal quotations omitted). Viewing the evidence in such a light, the court's role is to determine whether "a rational fact finder could conclude beyond a reasonable doubt that the defendant committed the charged crime[s]." *United States v. Meléndez-González*, 892 F.3d 9, 17 (1st Cir. 2018) (internal quotations omitted).

II.     ARGUMENT

Defendant argues that there is insufficient evidence that Dr. Yoon "knowingly and willfully" executed a scheme or artifice to defraud healthcare benefit programs. (ECF No. 116 at 2.)  At trial, there was ample evidence of the defendant's words and evidence demonstrating an intent to orchestrate a fraud on health care benefit programs.

With respect to Count 1 charging health care fraud on Aetna and Blue Cross and Blue Shield, there was testimonial and documentary evidence that the defendant knowingly and willfully created a scheme to bill for non-existent appointments.  Receptionists such as Hyejin Oh and Hyeonhwa Seong testified that the defendant ordered them to obtain multiple patient signatures on patient sign-in sheets at each appointment.  This was confirmed by patients Yunting Cai, Emma Lyendijk, and Hyejin Oh on her own sign in sheet.  Hyejin Oh and employee Miran Kwon testified that the defendant or Dr. Kwon wrote patient notes based on the number of patient signatures.  Receptionists Hyejin Oh, Hyeonhwa Seong, Christine Jang, and Hyungjung Choi Anderson, all testified that they prepared and submitted bills at the defendant's request and based on patient notes provided.  Finally, BCBS investigator Martin Flood notified the defendant that BCBS was investigating his billing practices and interviewed the defendant in 2015. In 2018, Mr. Flood notified the defendant and his attorney that BCBS was placing him on on pre-payment review.  The defendant continued to submit bills for fake appointments after communications from BCBS.  This evidence—in addition to other direct and circumstantial evidence introduced at trial—shows the defendant knowingly and willfully directed a scheme to manufacture fake bills and conceal it from insurance companies.

With respect to Count 2 charging health care fraud on MAPFRE, the defendant submitted over $20,000 in bills for physical therapy supposedly conducted by Miran Kwon.

Taking Dr. Kwon's testimony in the light most favorable to the prosecution—*i.e.*, that she never treated the defendant—the Court must conclude that those services did not occur. Additional direct and circumstantial evidence shows that the defendant knowingly and willfully submitted false bills to MAPFRE: the defendant told a MAPFRE investigator that he was being treated by Dr. Kwon 2-3 times a week (Tr. Ex. 24), the defendant called MAPFRE to ask why bills were not being paid (Tr. Ex. 21.1), the defendant submitted false patient notes purportedly from Dr. Kwon (Tr. Exs. 21.4, 22.4, and 22.6) as well as a fake attending physician's report purportedly signed by Dr. Kwon (Tr. Ex. 23.3).  This evidence establishes that it was the defendant himself who conceived, orchestrated and directed the fraud.

### III.    CONCLUSION

For the foregoing reasons, the defendant's motion for acquittal should be denied.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:     */s/ Elysa Q. Wan*
ELYSA Q. WAN
PATRICK CALLAHAN
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
.

                                              */s/ Elysa Q. Wan*
                                              ELYSA Q. WAN
                                              Assistant United States Attorney

Date: January 31, 2024