UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:21-cr-10160-IT |
| | * | |
| CHANG GOO YOON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

May 3, 2024

TALWANI, D.J.

Pending before the court is Defendant Chang Goo Yoon's Motion for a Directed Verdict [Doc. No. 116]. For the reasons set forth herein, the Motion is DENIED.

**I.      Background**

The government charged Dr. Chang Goo Yoon, a licensed physical therapist in the state of Massachusetts, with two counts of Health Care Fraud, alleging that between November 2014 and November 2018, Dr. Yoon knowingly and willfully billed insurance companies Blue Cross Blue Shield and Aetna for patient visits that never occurred (Count One); and that between August 2016 and August 2017, he knowingly and willfully submitted bills to his auto insurance company, MAPFRE, for physical therapy treatments he never received (Count Two). Indictment [Doc. No. 9]; Superseding Indictment [Doc. No. 87].

Trial began on January 8, 2024, and lasted until January 17, 2024. At trial, the government's evidence included the testimony of former patients and employees of Dr. Yoon; testimony from a physical therapist employed at Dr. Yoon's clinic who Dr. Yoon claimed had provided treatment to him after two car accidents in 2016 and 2017; bills that Dr. Yoon's clinic had sent to Aetna and Blue Cross Blue Shield; documents showing dates when Dr. Yoon and/or

his patients were out of the country; and testimony from a Blue Cross Blue Shield investigator regarding two separate communications he had with Dr. Yoon and/or his lawyer about Dr. Yoon's billing practices.

After the government rested, counsel for Dr. Yoon filed a Motion for a Directed Verdict [Doc. No. 116], arguing that the government produced insufficient evidence regarding Dr. Yoon's intent to commit fraud as to both Counts One and Two. The court reserved decision on the motion and submitted the case to the jury. The jury delivered a unanimous verdict of guilty on both counts. Verdict [Doc. No. 120]. The government thereafter filed its Opposition [Doc. No. 124] to the pending motion.

## II.     Standard of Review

Federal Rule of Criminal Procedure 29 allows a defendant to move for a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." To succeed on a motion for acquittal, the defendant must "show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt." United States v. Acevedo, 882 F.3d 251, 257 (1st Cir. 2018); accord United States v. Martin, 228 F.3d 1, 10 (1st Cir. 2000).

## III.    Discussion

### A.     Count One: Fraud as to Blue Cross Blue Shield and Aetna

Defendant does not challenge the government's showing that Blue Cross Blue Shield and Aetna were billed for patient visits that did not occur but argues that there is insufficient evidence to show that he "knowingly and willfully" executed this scheme. The court disagrees.

The government offered sufficient evidence showing that Dr. Yoon was aware that his billing practices caused the insurance companies to be billed for services that were not provided.

Dr. Yoon's former employees testified that Dr. Yoon was the "boss" of the clinics and that his primary focus while at the clinics was insurance and billing. The government offered witness testimony from former patients and employees of Dr. Yoon's, who described Dr. Yoon's practice of making patients sign in multiple times per visit, and then adding dates next to those signatures that did not correspond to the actual date of treatment. This testimony was corroborated by the sign-in sheets for several of the testifying patients. Ex. 16.1 (Cai sign-in sheet); Ex. 18.2 (Luyendijk sign-in sheet); Ex. 27.2 (Lee sign-in sheet). Several of Dr. Yoon's employees also testified that, at his request, they prepared bills based on patient notes that had been created for each date next to a signature on the patient sign-in sheet.

Further, Dr. Yoon's patients testified to receiving bills from their healthcare companies for dozens of visits corresponding to the sign-in sheet dates—sometimes over one hundred visits—when those same patients had only received a few actual treatments. These statements were corroborated by evidence of the claims received by Blue Cross Blue Shield and Aetna. Ex. 29.6 (Oh insurance bills); Ex. 40.4 (Cai insurance bills); Ex. 17.4 (Flavin bills); Ex. 54 (Aetna claims data summary); Ex. 55 (Blue Cross Blue Shield claims data summary).

Finally, Martin Flood, an investigator for Blue Cross Blue Shield, testified about a 2015 meeting between himself and Dr. Yoon in which the parties discussed Dr. Yoon's billing practices. Taken together, this evidence, viewed in the light most favorable to the government, is sufficient to support a finding that Dr. Yoon knowingly and willfully billed the insurance companies for patient visits that never occurred.

      B.    *Count Two: Insurance Fraud as to MAPFRE*

The government also offered sufficient evidence to show that Dr. Yoon knowingly submitted false claims to his auto insurance company, MAPFRE, regarding physical therapy

treatment he allegedly received for car accidents that occurred between August 2016 and August 2017. Dr. Yoon had represented to his auto insurance company that Dr. Miran Kwon was treating him multiple times a week for injuries associated with two car accidents. Ex. 24 (recording of conversation with MAPFRE investigator); Ex. 25 (MAPFRE summary of claims for August 2016 and August 2017 auto accidents). At trial, Dr. Kwon, a physical therapist who practiced in Dr. Yoon's clinic, testified that she never treated Dr. Yoon, and that the patient notes associated with his supposed treatments were not written by her. See Exs. 21.4, 22.4, 23.6 (patient notes). This evidence is sufficient to support a finding that Dr. Yoon had the requisite intent to defraud MAPFRE.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion for a Directed Verdict [Doc. No. 116] is DENIED.

IT IS SO ORDERED

May 3, 2024                                    /s/      Indira Talwani
                                               United States District Judge