UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>CHANG GOO YOON,     )<br>)<br>Defendant.   ) | Criminal No. 21-CR-10160-IT |

**<u>UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On December 7, 2023, a federal grand jury sitting in the District of Massachusetts returned a two-count Superseding Indictment, charging defendant Chang Goo Yoon (the "Defendant"), with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Counts One and Two).

2. The Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(7), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Superseding Indictment, of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

3. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. 982(b).

4. On January 17, 2024, after a 7-day jury trial, a jury found the Defendant guilty on Counts One and Two of the Superseding Indictment.  *See* Docket No. 120.

5. The evidence at trial included testimony of six patients who testified that they were billed for appointments that did not take place.  The evidence also included testimony of five employees who testified that the defendant trained them to obtain false signatures from patients and submit false insurance claims.

6. Based on the Defendant's on the evidence and testimony presented at trial and the jury's verdict as to Chang Goo Yoon on January 17, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,021,698, pursuant to 18 U.S.C. § 982(a)(7).  This amount represents the proceeds of the Defendant's crimes, as shown below:

| Category | Paid |
|---|---|
| Claims submitted while Yoon was travelling | $53,757 |
| Claims submitted while Yoon was at a casino | $16,213 |

2

| | |
|---|---|
| Claims submitted while patient was traveling internationally[1] | $23,456 |
| False claims based on patient testimony[2] | $36,868 |
| BCBS claims submitted for Yoon's family members | $39,015 |
| BCBS claims submitted for > 4 visits a week[3] | $828,906 |
| Yoon's MAPFRE Fraud | $23,483 |
| **Total:** | **$1,021,698** |

7. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

---

[1] The Patient Travel category does not include $3,481 in paid claims where both Yoon and the patient were traveling as those claims are already accounted for in the Yoon Travel category.
[2] The Patient Testimony category does not include claims that were included in other categories.
[3] To estimate the loss BCBSMA sustained from services Dr. Yoon billed for multiple, non-existent appointments per week, BCBSMA identified each instance in which a member had 4 or more visits per week. From that universe, BCBSMA calculated our estimated loss as the amount BCBSMA paid for each third visit and above (i.e., calculating the estimated loss as what BCBSMA paid for visit 3, visit 4, visit 5, etc. in a given week).

8.      Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

9.      Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.   Such discovery may include the taking of depositions of witnesses.   *See* 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(b)(1); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).   In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.   Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)   enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)   retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c)   include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d)   incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

>       Respectfully submitted,
>
>       JOSHUA S. LEVY
>       Acting United States Attorney
>
> By:   /s/ *Matthew M. Lyons*
>       ELYSA WAN
>       PATRICK CALLAHAN
>       MATTHEW M. LYONS
>       Assistant United States Attorneys
>       United States Attorney's Office
>       1 Courthouse Way, Suite 9200
>       Boston, MA 02210
>       (617) 748-3100
>       matthew.lyons@usdoj.gov

Dated: May 20, 2024