UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-CR-10160-IT |
| | ) |
| CHANG GOO YOON, | ) |
| Defendant. | ) |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on December 7, 2023, a federal grand jury sitting in the District of Massachusetts returned a two-count Superseding Indictment charging Chang Goo Yoon (the "Defendant") with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Counts One and Two);

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(7), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Superseding Indictment, of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 982(b)(1).

WHEREAS, on January 17, 2024, after a 7-day jury trial, a jury found the Defendant guilty to Counts One and Two of the Superseding Indictment;

WHEREAS, based on the jury's verdict as to Chang Goo Yoon on January 17, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $1,021,698 in United States currency, pursuant to 18 U.S.C. § 982(a)(7);

WHEREAS, the amount of $1,021,698 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1347 and 2; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,021,698, pursuant to 18 U.S.C. § 982(a)(7).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C.

982(b)(1), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
**INDIRA TALWANI**
United States District Judge

Dated: May 20, 2024

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts

By: _____
Deputy Clerk

Date: 5/20/2024